By the Court.
On the 7th day of November, 1913, plaintiff, in his own behalf and interest as well as on behalf of a large number of other persons having a common and general interest in the matters involved in the action, filed a petition in the court of common pleas of Lucas county against the defendants as members of the Lucas county liquor licensing board.
He had been conducting a saloon for a number of years in the city of Toledo. In accordance with the provisions of the act entitled riAn act to provide for license to traffic In Intoxicating liquors and to further regulate the traffic therein,” etc. 7103 O. L., 2Í6), he, with numerous other persons, "filed his application for what is Known as a saloon license. Section 9 of Article XV of the Constitution and the act of the legislature above referred to provide that *342 only one person or association of persons out of every five hundred in any locality of this state, within territority where it is authorized, shall be licensed or permitted to traffic in intoxicating liquors, and it is further provided in said act that those who were' engaged in the sale of intoxicating liquors prior to the fourth Monday of May, 1912, or their bona fide successors in title, shall be preferred provided they are otherwise qualified by law. At the time plaintiff filed his application for license and for a long time prior thereto there were in operation in the county of Lucas about six hundred and twenty-six places wherein said business was being conducted as authorized by law.
It was alleged further that the defendants, in pursuance of section 28 of said act, had announced the names of those applicants whom they proposed to license and those whose applications they proposed to deny, and that the name of plaintiff appeared as one of those proposed by defendants to be denied.
It was further alleged that the defendants proposed, according to said announced names, to license the individuals and persons who were then conducting said business at some three hundred and sixty-three different localities, and among that number were some thirty-five or forty corporations, incorporated under the laws of different states, which were not citizens of the United States, and that defendants were about to grant licenses to corporations to the exclusion of natural, persons and to prefer those who had been engaged in the business prior to the fourth Monday of May, 1912; that *343 they were about to discriminate between applicants for licenses by reason of certain standards of moral character which they arbitrarily sought to establish and were about to discriminate in the granting of licenses by reason of that provision of the amended constitution of 1912 and the license' law which provided that only one license should be issued for each five hundred of inhabitants in any political subdivision of the state where the traffic in intoxicating liquors was authorized by law. Plaintiff prayed that defendants be enjoined from .doing any one of. these things and that upon final hearing they be required by the mandate of the court to license all applicants within their jurisdiction who would conform to so much of said license law as was found and determined by the court to be consistent with the constitutions of the United States and of the state of Ohio.
A demurrer to the petition, upon -the grounds that plaintiff had no legal capacity to sue, that the court had no jurisdiction of the subject of the action and that the petition did not state facts sufficient to constitute a cause of action, was filed by defendants and sustained by the court of common pleas, and plaintiff not desiring to further plead or amend, his petition was dismissed and judgment was rendered against him for costs.
On the 21st day of November, 1913, plaintiff filed a petition in the court of appeals asking for a reversal of this judgment. On the 1st day of December, 1913, defendants, by leave of the court of appeals, filed an answer to the petition in error in that court in which they admitted the rendition of *344 .the judgment in their favor and alleged that the city of Toledo had a population of about 181,909, and that on the 5th day of November, 1913, they announced the names of the applicants to whom they proposed to issue licenses to traffic in intoxicating liquors in said city at retail and at wholesale and also the names of the persons, firms and corporations whose applications they proposed to deny, and that since said 5th day of November. 1913, they issued and delivered to three hundred and sixty-three separate and distinct persons, firms and corporations licenses to traffic in intoxicating liquors at retail in said city and that such delivery had been made to the several persons, firms and corporations whose names appeared in said licenses as such licensees. They asked that the petition in error be dismissed.
Thereupon defendants in error moved the court for judgment in their favor on the pleadings in error, and on the 2d day of December, 1913, this motion was sustained and the court of appeals affirmed the judgment of the court of common pleas and the cause was remanded to said’ court upon the ground that the licenses having been issued plaintiff was not entitled to the relief sought. Plaintiff in error is here asking for a reversal of the judgment of the court of appeals.
No objection was made by plaintiff in error to the filing of the answer by defendants in error-in the court of appeals and it appears from the record that counsel did not desire to file a reply to this answer.
If the court of appeals was correct in its ruling *345 on the motion for judgment in favor of defendants in error on the pleadings, the judgment should, be affirmed. It appears from the answer filed in the' court of appeals that all licenses which were permitted to be granted in the city of Toledo had been granted and delivered. This fact was brought into the record in the court of appeals by the answer to the petition in error. An injunction under the circumstances could not have been enforced by the court and would have been ineffectual.; ■ Wie are therefore of the opinion that the court of appeals did hot err in rendering'judgment for the defendants in error upon the pleadings in error, and its judgment is affirmed. . !

Judgment affirmed:.

Nichols, C. J., Johnson, Donahue,-Newman and Wilkin, JJ., concur.